IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ROBERT LEE HICKS | § | |
| VS. | § | CIVIL ACTION NO. 9:23-cv-47 |
| LT. IVY, ET AL. | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Robert Lee Hicks, an inmate formerly confined at the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. § 1983.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Factual Background

Plaintiff complains that he was allegedly forcibly removed from his wheelchair and placed into a transport van at the Lewis Unit on October 19, 2020. Additionally, Plaintiff complains that Dr. Haney, the unit physician, refused to review his x-rays and wrongfully removed his wheelchair restrictions from his medical record instead of providing a medical wheelchair-equipped van for Plaintiff's transfer.

Standard of Review

An *in forma pauperis* proceeding may be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) if it: (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319,

325 (1989); *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997).   A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.  *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

In addition to the legal basis of the complaint, Section 1915 empowers the court to pierce the veil of the complainant's factual allegations if they are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Ancar v. Sara Plasma, Inc.,* 964 F.2d 465 (5th Cir. 1992).  A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless*. Denton*, 504 U.S. at 32.

In *Denton v. Hernandez*, the Supreme Court "declined the invitation to reduce the clearly baseless inquiry to a monolithic standard."  *Denton*, 504 U.S. at 33.  Examples of complaints within the clearly baseless inquiry are those which describe fanciful, fantastic, or delusional scenarios.  A complaint is factually frivolous if the facts alleged rise to the level of the irrational or wholly incredible.  Pleaded facts which are merely improbable or strange, however, are not clearly baseless for Section 1915(d) purposes. *Id.*

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level.  *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).  Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).  Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff.  *Fernandez-Montes v. Allied Pilots Assoc*., 987 F.2d 278, 284 (5th Cir.

1993).  However, conclusory allegations and a formulaic recitation of the elements of a cause of action will not suffice to prevent dismissal for failure to state a claim.  *Twombly,* 550 U.S. at 555.

Analysis

*Limitations*

Plaintiff complains of incidents which allegedly occurred while he was confined at the Lewis Unit on October 19, 2020.  However, Plaintiff's complaint was not filed until March 2, 2023.  This raises the concern that Plaintiff exceeded the applicable limitations period for filing his claims.

There is no federal statute of limitations for actions filed pursuant to 42 U.S.C. 1983.  As a result, federal courts borrow the forum state's general personal injury limitations period.  *Bargher v. White*, 928 F.3d 439, 444 (5th Cir. 2019).  Applying Texas law, the statute of limitations for an action brought pursuant to Section 1983 is two years.  *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001).  Federal law, however, determines the date the cause of action accrued.  *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989).  Accrual of a cause of action begins "when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.*  The plaintiff does not need to know that he has a legal cause of action, he only needs to know the facts that would support a legal claim.  *Piotrowski*, 237 F.3d at 576.  State law also supplies the applicable tolling provisions.  *See Harris v. Hegmann*, 198 F.3d 153, 158 (5th Cir. 1999).  The statute of limitations is tolled for the period during which a plaintiff exhausts his available prison administrative remedies.  *Id.*; *see also Wilson v. United States Penitentiary Leavenworth*, 450 F. App'x 397, 399 (5th Cir. 2011).

Here, Plaintiff signed his complaint on February 22, 2023, but he did not certify when he deposited the complaint in the prison mailbox.  The complaint was not filed until March 2, 2023.  Further, Plaintiff's Step 2 grievance which was attached to the complaint was decided on February 3, 2021.  Therefore, Plaintiff had until February 3, 2023, at the latest, to file his

complaint.  *See Anderson v. Livingston*, 394 F. App'x 132, 133 (5th Cir. 2010) (finding civil rights complaint barred by limitations where the plaintiff did not file complaint within two years from date of denial of grievance); *see also Phillips v. Donnelly*, 216 F.3d 508, 511 n.3 (5th Cir. 2000) (holding matter was no longer "pending" where "it was decided and settled, regardless of whether [appellant] had notice of the denial on that date).  Accordingly, Plaintiff's claims are barred by the applicable statute of limitations; thus, the claims should be dismissed as frivolous. *See Abston v. Fed. Bureau of Prisons,* 689 F. App'x 304 (5th Cir. 2017) ("'Where it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations, those claims are properly dismissed' as frivolous") (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)).

## Recommendation

Plaintiff's complaint should be dismissed as frivolous.

## Objections

Within fourteen days after being served with a copy of the magistrate judge's report, any party may serve and file written objections to the findings of facts, conclusions of law and recommendations of the magistrate judge.  28 U.S.C. § 636 (b)(1)(C).

Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within fourteen days after service shall bar an aggrieved party from the entitlement of *de novo* review by the district court of the proposed findings, conclusions and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error.  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

**SIGNED this the 15th day of March, 2023.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE