| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |
|---|---|

ROBERT LEE HICKS, §
§
    Plaintiff, §
§
*versus* § CIVIL ACTION NO. 9:23-CV-47
§
LT. IVY, *et al.*, §
§
    Defendants. §

**MEMORANDUM ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

    Plaintiff Robert Lee Hicks, an inmate formerly confined at the Lewis Unit, proceeding *pro se*, brought this lawsuit pursuant to 42 U.S.C. § 1983.

    The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing the action as frivolous based on the complaint being barred by limitations.

    The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, pleadings and all available evidence. Plaintiff filed objections to the magistrate judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

    After careful consideration, the court concludes plaintiff's objections are without merit. Plaintiff contends he filed his lawsuit with the United States District Court for the Southern District of Texas on February 22, 2023, which he claims was one day before the applicable statute of limitations expired. A review of the complaint reveals it was stamped by the United States District Court as being filed on March 2, 2023.

    Plaintiff is mistaken about the date on which the limitations period expired. Plaintiff's Step 2 grievance was denied by the reviewing authority, J. Riley, on February 3, 2021. As the

magistrate judge correctly observed, the statute of limitations expired two years after the conclusion of the grievance process on February 3, 2023, at the very latest, when plaintiff's grievance was denied at the highest level.[1] *See Edwards v. Miller*, 385 F. App'x 405, 406 (5th Cir. 2010). The Fifth Circuit has held it is the "pendency" of grievances that tolls the limitations period. *Id.*; *Kimbrell v. Cockrell*, 311 F.3d 361, 364 (5th Cir. 2002). In a relevant civil rights action applying the Texas two-year limitations period, the Fifth Circuit stated the following:

> [Plaintiff's] final grievance was denied on 28 August 2007, and he did not sign his complaint until 29 August 2009; thus, more than two years passed after his grievance was decided and before he could have handed his complaint to a prison official for mailing. His claim was time-barred even if, as he alleges, he did not receive notice of the denial until 4 September 2007. *See Phillips v. Donnelly*, 216 F.3d 508, 511 n.3 (5th Cir. 2000) (holding matter was no longer 'pending' where it 'was decided and settled, regardless of whether [appellant] had notice of the denial on that date').

*Anderson v. Livingston*, 394 F. App'x 132 at *1 (5th Cir. 2010).

The same rule applies in this case, plaintiff's grievance ceased to be "pending" when it was decided on February 3, 2021, regardless of whether plaintiff had notice on that date. Accordingly, plaintiff's complaint filed on March 2, 2023 is untimely.[2]

Further, plaintiff has neither requested equitable tolling nor alleged any basis for the application of equitable tolling of his claims. Plaintiff has not alleged he diligently pursued his remedies nor has he shown that he was prevented from timely filing his complaint by unusual or extraordinary circumstances that occurred during the two years after his administrative proceedings were resolved. Finally, no further factual development could have changed the fact

---

[1] Plaintiff did not include a copy of his Step 1 grievance along with his Step 2 grievance provided with his complaint. Thus, the date on which plaintiff's first grievance was initially filed and tolling began is unknown.

[2] Under the mailbox rule, a prisoner's complaint is deemed filed as of the date it was delivered to prison authorities for forwarding to the court. *Cooper v. Brookshire*, 70 F.3d 377, 381 (5th Cir. 1995) (applying the rule of *Houston v. Lack*, 487 U.S. 266 (1978), to a prisoner's complaint). Here, while plaintiff dated the complaint as being executed on February 22, 2023, he did not certify the date on which he delivered the complaint to prison officials for mailing to the court. A prisoner cannot benefit from the prison mailbox rule absent certification of when the pleading was tendered to prison officials for delivery to the court. *See United States v. Duran*, 934 F.3d 407, 412 (5th Cir. 2019) (denying mailbox rule in § 2255 proceeding). Further, it is the prisoner's burden to show when his pleading was tendered to prison officials for delivery to the court. *See id.* Accordingly, while not determinative of the outcome in this case, plaintiff is not entitled to the benefit of the mailbox rule.

that plaintiff's claims are time-barred. *See Whitaker v. McDonald*, No. 20-40569, 2022 WL 68972 at *3 (5th Cir. Jan. 6, 2022). Thus, the above-styled lawsuit is barred by limitations and should be dismissed as frivolous.

## O R D E R

Accordingly, plaintiff's objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

SIGNED at Beaumont, Texas, this 18th day of April, 2023.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE